IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CAROLYN TAPP                                                                          PLAINTIFF

V.                                      CASE NO. 5:18-CV-05167

ANDREW M. SAUL,[1] Commissioner                                      DEFENDANT
Social Security Administration

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 16) of the Honorable Erin L. Wiedemann, Chief United States Magistrate Judge for the Western District of Arkansas, filed in this case on November 21, 2019. The Magistrate Judge recommends affirming the Administrative Law Judge's ("ALJ") decision to deny Plaintiff Carolyn Tapp's claim for disability insurance benefits under Title II of the Social Security Act. Ms. Tapp filed objections to the R&R (Doc. 17), and the Court has now reviewed the entire case *de novo*, paying particular attention to those findings or recommendations to which objections were made. *See* 28 U.S.C. 636(b)(1)(C). For the reasons stated herein, Ms. Tapp's first and second objections are **SUSTAINED**, the R&R is **NOT ADOPTED**, and the case will be **REMANDED** to the Commissioner for clarification of the administrative law judge's opinion.

Ms. Tapp filed her application for disability benefits on June 15, 2016, alleging an inability to work since February 2, 2016, due to macular degenerative disease and pulmonary heart disease. Ms. Tapp and her counsel appeared before the administrative law judge ("ALJ") in a hearing held on November 3, 2017. The ALJ issued a written

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security and is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d)(1).

1

decision on Ms. Tapp's claim on January 30, 2018, finding that she had an impairment or combination of impairments that was severe, but concluding that her impairments did not meet or equal the level of severity of any impairment listed in Appendix I, Supbart P, Regulation No. 4. Then, the ALJ assessed Ms. Tapp's residual functional capacity ("RFC") to perform work. In the opening paragraph of Section Five, see Doc. 10, p. 25, the ALJ stated his conclusion that Ms. Tapp "has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b)," with certain exceptions. He proceeded to analyze the medical evidence and his impressions of Ms. Tapp's testimony in a dense paragraph that spanned a page and a half of the opinion. See id. at pp. 26–27. This paragraph, as written, could be interpreted to justify an RFC for light work; but the last paragraph of Section Five states the following: "Based on the foregoing, the undersigned finds the claimant is able to perform *sedentary exertional level work* within the limits set out in [Section] 5. This decision is supported by credible medical evidence of record as analyzed above." Id. at p. 27 (emphasis added).

If the above reference to sedentary work were the only such reference in the entire opinion, the Court would agree with the Magistrate Judge that it was a typographical error or a "copy-and-paste" oversight made by the ALJ. However, the mention of the RFC for sedentary work comes up again in Section Six. There, the ALJ reviewed Ms. Tapp's work history and noted that she had previously performed a job involving light exertion and another job involving sedentary, semiskilled tasks. Id. at 27. Immediately following that observation, he concluded: "The claimant is affected by exertional and non-exertional impairments that limit her to the performance of *sedentary exertional level*, unskilled work as reflected in [Section] 5." Id. at pp. 27–28 (emphasis added). Under these

2

circumstances, the Court agrees with Ms. Tapp that the two references to an RFC for sedentary work conflict with the ALJ's ultimate denial of disability benefits. It is unclear how the decision to deny benefits is supported by the evidence when the RFC determination is inconsistent throughout the opinion.

For these reasons, the Court **SUSTAINS** Ms. Tapp's first objection to the R&R, in which she urges the Court to remand the matter to the Commissioner for clarification of the RFC determination. The Court further **SUSTAINS** Ms. Tapp's second objection, in which she maintains that the Magistrate Judge strayed into impermissible speculation in finding that the ALJ intended an RFC for light work rather than sedentary work. The Court agrees with the Magistrate Judge that it is more likely than not that the ALJ intended an RFC for light work; however, the obvious contradictions in the ALJ's opinion renders it open to reasonable interpretation. A clear RFC finding is critical to the decision on whether to award benefits in this case. Accordingly, remand is necessary because "it is impossible to tell whether the decision of the administrative law judge (ALJ) is supported by substantial evidence . . . ." *Jones v. Chater*, 65 F.3d 102, 103 (8th Cir. 1995).

In view of the Court's holding, the Court declines to rule on Ms. Tapp's third objection to the R&R, in which she argues that the evidence of record supports an RFC for sedentary work and not light work. The Court is not in a position to evaluate the sufficiency of the evidence before the ALJ has the opportunity to clarify his RFC decision and explain how that that RFC supports the denial of benefits.

**IT IS THEREFORE ORDERED** that the Court **DECLINES TO ADOPT** the R&R (Doc. 16), and the case is **REMANDED** to the Commissioner for clarification of the ALJ's findings and recommendations in accordance with this opinion.

**IT IS SO ORDERED** on this 16th day of December, 2019.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE